**UNITED STATES of America ex rel. John FIORAVANTI, Appellant,**

v.

**Howard D. YEAGER, Principal Keeper of the New Jersey State Prison at Trenton.**

**No. 17604.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs May 4, 1970.

Decided May 18, 1970.

John Fioravanti, in pro. per.

Edward J. Dolan, Middlesex County Prosecutor, New Brunswick, N. J. (Christopher R. Wood, Asst. County Prosecutor, of counsel and on the brief), for appellee.

Before HASTIE, Chief Judge, and MARIS and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Almost a quarter of a century ago, on December 3, 1946, relator was found guilty of robbery by a jury in Middlesex County, New Jersey, and sentenced to imprisonment at hard labor for a term of 10 to 12 years. He was released after

fully serving his sentence.[1] Long after he finished serving the sentence, he was convicted and sentenced in 1964 for a later crime of burglary.

Relator now attacks his completed sentence for robbery on the ground that he was not represented by counsel at sentencing. He claims that notwithstanding his having fully served the first sentence, injurious collateral consequences persist in that as a "second offender" his chances for parole on the burglary sentence may be diminished and he may become subject to New Jersey's "second offender" statute. N.J.S. 2A:85–8, N.J. S.A.[2]

The district court denied the petition. It found after an independent review of the record that relator had been adequately represented by counsel at the time of his conviction of robbery, but deemed it unnecessary to decide whether he had been represented by counsel at the time of his sentence on that conviction because, as the state court had also held, it would serve no purpose to set aside the sentence and order resentencing, since the sentence had already been fully served.

There may be occasions when a prisoner who has already served an invalid sentence imposed on a valid conviction is entitled to collateral relief while currently serving a later sentence. He may, for example, show a substantial possibility that a judgment that the first sentence was invalid will affect the length of his imprisonment under the second, current sentence. See United States ex rel. DiRienzo v. New Jersey, 423 F.2d 224 (3 Cir., 1970). But relator has made no such showing or even claim in this case.

Even if he were in fact not represented by counsel at the time of his sentence on his conviction of robbery, relator would not be entitled to the remedy he now seeks. At the most, he would be entitled to a resentence, which would not eradicate either the finding of guilt or the period of imprisonment which he actually underwent. New Jersey's "second offender" statute applies only to "any person convicted of a high misdemeanor. * * * who thereafter is convicted of a misdemeanor or a high misdemeanor. * * *" Relator's conviction of robbery remains free from attack and would not be affected even if the sentence on the conviction were set aside and a new sentence imposed. Such a gesture would be both anomalous and meaningless.

The order of the district court denying the petition for habeas corpus will be affirmed.

---

1. The period actually served was seven years and eight months.

2. Relator's petition also claimed that he may be prejudiced as a second offender on any new trial which he might obtain as a result of his collateral attack from his burglary conviction which was then pending. The collateral proceeding in that case has now been concluded against him and the argument, therefore, has no foundation to support it. United States ex rel. Fioravanti v. Yeager, 404 F.2d 675 (3 Cir. 1968), cert. denied 396 U.S. 860, 90 S.Ct. 131, 24 L.Ed.2d 112 (1969). See also State v. Fioravanti, 46 N.J. 109, 215 A.2d 16 (1965).